UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TIMOTHY L. BLIXSETH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BRIAN GLASSER, AS TRUSTEE OF THE YELLOWSTONE LIQUIDATING TRUST,<br><br>　　　　Defendant.<br><br>(Original Case)<br><br>BRIAN GLASSER, AS TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TIMOTHY L. BLIXSETH,<br><br>　　　　Defendant.<br><br>(Consolidated case) | Case No. 2:13-cv-01434-APG-GWF<br>(Consolidated with 2:13-cv-01737-APG-GWF)<br><br>**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>(Dkt#34 Original Case; Dkt#4 Consolidated Case) |

Currently before the Court are Cross-Motions for Summary Judgment filed by Timothy Blixseth ("Blixseth") [Dkt. #34 in Original Case], and by Brian Glasser in his capacity as Trustee of the Yellowstone Liquidating Trust ("YCLT") [Dkt. #4 in Consolidated Case].

////

## I. FACTUAL AND PROCEDURAL HISTORY

On December 5, 2012, the United States Bankruptcy Court for the District of Montana entered a damages award against Blixseth and in favor of YCLT in the amount of $40,992,210.81 ("Montana Judgment"). (Dkt.#3-1 at 5.) Both parties appealed that judgment, those appeals are pending, and no court has stayed execution on the judgment. (Dkt.#22 at 2.)

On April 5, 2011, the Montana Department of Revenue, Idaho State Tax Commission, and California Franchise Tax Board filed an Involuntary Chapter 7 Bankruptcy Petition against Blixseth in the United States Bankruptcy Court for the District of Nevada. *See In re Blixseth*, Case No.: 11-15010-WTT. Soon thereafter, Idaho and California withdrew. The Bankruptcy Court dismissed the involuntary case, but the Bankruptcy Appeals Panel for Ninth Circuit reversed that dismissal. Upon remand, YCLT filed a joinder to the involuntary petition against Blixseth. On July 10, 2013, the Bankruptcy Court again dismissed the involuntary case. Subsequently, Blixseth filed a motion with the Bankruptcy Court seeking an award against Montana and YCLT for his attorney's fees and costs under 11 U.S.C. § 303(i)(1). (Dkt.#17, Exhibit "C".)

On July 19, 2013, YCLT commenced the instant action by filing a request to register the Montana Judgment in this district court. (Dkt.#1.) The Court granted that request, and subsequently entered Orders Granting YCLT's Ex Parte Application to Charge Partnership Interest as to Desert Ranch, LLLP, a Nevada entity in which Blixseth has a partnership interest. (Dkt.##2, 9, 12.)

On August 20, 2013, the Court entered a Writ of Execution against Blixseth in favor of YCLT. (Dkt.#13.) Under the Writ, YCLT seeks to attach "[a]ll rights, titles, and interests in all choses in action arising under, arising in and related to U.S. Bankruptcy Court District of Nevada, In re: Timothy L. Blixseth, Case No. 11-15010-WTT..., including...damages...under 11 U.S.C. §

303(i)[1]...." (Dkt.#13 at 15.) The Writ also directed a sale of that property on September 10, 2013. (*Id.* at 16.)

On August 23, 2013, Blixseth filed an Emergency Motion to Quash the Writ of Execution. (Dkt.#17.) During the hearing on that Emergency Motion, Blixseth questioned for the first time whether YCLT properly registered the Montana Judgment under 28 U.S.C. § 1963 ("Registration Statute"). (Tr. of Hr'g (September 5, 2013), Dkt.#31 at 7:21-8:3.) As a result, the Court called for simultaneous supplemental briefing on that issue. (*Id.* at 37:3-4, 39:10-11.) After both parties submitted supplemental briefs, the Court heard oral arguments. (Tr. of Hr'g (Sept. 12, 2013), Dkt.#30.) At the conclusion of the September 12, 2013 hearing, the Court stayed both the sale that was the subject of the Writ, and the Nevada bankruptcy proceedings as to YCLT. (*Id.* at 21:13-15.) On September 23, 2013, both Parties filed Cross-Motions for Summary Judgment. (Dkt.#4 in the consolidated case ("YCLT MSJ"), and Dkt.#34 in the original case ("Blixseth MSJ")). For the reasons discussed below, the Court finds that YCLT failed to properly register the Montana Judgment; thus, the proceedings before this Court are dismissed without prejudice.

## II. DISCUSSION

The Registration Statute provides:

> A judgment in an action for the recovery of money or property entered in any...district court...may be registered by filing a certified copy of the judgment in any other district...when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

---

[1] Section 303(i)(1) provides that "[i]f the court dismisses [an involuntary] petition...other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment [] against the petitioners and in favor of the debtor for [costs and attorney's fees]."

3

28 U.S.C. § 1963. Blixseth argues that, for purposes of the Registration Statute, the Montana Judgment is not a final judgment because the cross-appeals from that judgment have not been concluded and the Montana Bankruptcy Court has not entered an order making it final for good cause shown. (Tr. of Hr'g (September 5, 2013), Dkt.#31 at 8:4-9.) Thus, YCLT is precluded from registering the judgment while it remains on appeal. (*Id.* at 8.)

YCLT counters that the Registration Statute must be understood through the policy that underlies its enactment. (Dkt.#27 at 4.) That is, Congress enacted the Registration Statute to spare creditors and debtors alike from the unnecessary burdens that otherwise would flow from additional litigation to enforce a money judgment in a federal district other than the originating district. (*Id.* (citing *Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 404 (5th Cir. 2001).)

YCLT interprets the use of the disjunctive "or" in the first sentence of the Registration Statute as providing three separate routes by which it may register the Montana Judgment: (1) if the judgment is final by appeal, or (2) if the judgment is final by the expiration of the time for appeal, or (3) if ordered by the court that entered the judgment for good cause shown. (*Id.* at 6.) YCLT concedes that "[t]he case law on the second alternative of registration – final by expiration of the time for appeal – is scant." (*Id.* at 7.) Indeed, although this language has existed for 64 years,[4] YCLT presents no case law supporting its version of how it should be interpreted.

---

[4] The Registration Statute was enacted as part of the 1948 reform of the Judicial Code. The language of the Registration Statute is substantially similar to that of Proposed Rule 77, "Registration of Judgments in Other District Courts,'" which the Supreme Court's Advisory Committee on Federal Rules for Civil Procedure recommended in 1937. *Kaplan v. Hirsh*, 696 F.2d 1046, 1050 (4th Cir. 1982) (Murnaghan, J., dissenting), *opinion withdrawn*, 765 F.2d 421 (4th Cir. 1982). The Supreme Court never promulgated Proposed Rule 77. The reason for this is uncertain, but some commentators believe the Supreme Court may have considered a Registration Statute to affect substantive rights and thus be outside its procedural rulemaking authority. *See* Hershel Shanks and Steven A. Standiford, *Schizophrenia in Federal Judgment Enforcement: Registration of Foreign Judgments Under 28 U.S.C. S 1963*, 59 Notre Dame L. Rev. 851, 877 n.10 (1984) (citing Memorandum in Support of Rule 77, at 14, U.S. Supreme Court Advisory

Contrary to YCLT's position, the Registration Statute's disjunctive provisions create two alternatives set off by the word "when," rather than three alternatives set off by the word "or." The judgment may be registered (1) *when* final by appeal or expiration of the time for appeal, or (2) *when* the originating court so orders for good cause shown. Here, the second alternative is not operative because the Montana Court has not certified its Judgment for registration for good cause shown. Rather, the first alternative applies, and it is problematic. That clause creates a potential conflict with Federal Rule of Civil Procedure 62(d), and is contrary to the policy underlying the Registration Statute. Rule 62(d) provides for the stay of execution upon a judgment if the appellant obtains a supersedeas bond. The Registration Statute provides for a *de facto* stay of execution without a supersedeas bond, simply by filing an appeal. 28 U.S.C. § 1963. This gives an unfair advantage to judgment debtors whose assets are located in (or moved to) another district.

Two reported cases have grappled with this issue. The Fourth Circuit, in a split-panel opinion it later withdrew, attempted to harmonize the Registration Statute with Rule 62(d). *Kaplan v. Hirsh*, 696 F.2d 1046, 1048 (4th Cir. 1982), *opinion withdrawn*, 765 F.2d 421 (4th Cir. 1982). The majority summarized the issue as follows:

> If § 1963 is not interpreted to require a supersedeas bond to stay execution, then it creates an unconstitutional disparity in rights between judgment debtors, depending on the location of their assets. A debtor whose property is within the jurisdiction of the court must file a bond to avoid execution of a judgment against him while he awaits the outcome of his appeal. Yet, if read without a bond requirement, the [R]egistration [S]tatute would grant an automatic stay to a debtor whose property is outside of the district when he files his appeal. If this were the case, then the statute would deny equal protection of the laws to debtors whose assets are within the district. We cannot countenance such an interpretation.

---

Committee on Rules for Civil Procedures, Materials 1934-1939; *Papers of Edgar B. Tolman*, Univ. of Chicago Law School Library).

5

> Also, if a supersedeas bond is not required under § 1963, the statute could encourage a debtor to escape his creditor by merely filing an appeal, even on frivolous grounds, and then transferring his property to another state. We do not believe that Congress intended to open the way for debtors to abuse the appellate process in this way.

*Id.* (internal citations omitted). Thus, the majority concluded that "a judgment on appeal is nonetheless 'final' for purposes of the Registration Statute unless the judgment debtor has filed a supersedeas bond to stay execution." *Id.* at 1047. That opinion was withdrawn and the case dismissed for mootness 34 days later. 765 F.2d 421 (4th Cir. 1982).[6]

Similarly, in *Dorey v. Dorey*, 77 F.R.D. 721 (N.D. Ala. 1978), the district court stated that the Registration Statute would be unconstitutional if construed to prevent registration of a judgment in another district while an appeal is pending in the originating district, without the posting of a supersedeas bond. 77 F.R.D. at 722. The court held that such a reading would provide a judgment-debtor with a "super-right" to avoid execution on the judgment by merely changing his residence to another district. *Id.* at 723. This rationale is well-illustrated by the example that a judgment-debtor resident of the Central District of California could simply file an appeal and move with his property across the street to the Southern District of California, and thereby defeat the requirement of a supersedeas bond for a stay pending appeal. In that situation, there would be no state law barrier to execution or impact upon the judgment-debtor's property. Instead, it would be only the Registration Statute preventing execution on the judgment simply because the debtor moved across the street and into another district in the same state. As the *Dorey* court observed, such an outcome gives more rights to the resident of a foreign district than to a resident of the originating district. *Id.*

---

[6] In the withdrawal opinion, Judge Murnaghan noted "that the panel majority opinion had, in all events, already been vacated, as a consequence of the vote by a majority of the members of the Court in active service in favor of rehearing *en banc*." 765 F.2d 421.

Importantly, both *Hirsch* and *Dorey* were decided before the 1988 amendment to the Registration Statute. That amendment added the second alternative, permitting registration despite an appeal if the originating court enters an order allowing registration for good cause. *See* H.R. REP. 100-889, 67, 1988 U.S.C.C.A.N. 5982, 6028.[7] This amendment addresses many, but perhaps not all, of the concerns expressed by the *Hirsch* and *Dorey* courts. It at least provides a judgment creditor an opportunity to seek permission to register the judgment or demand an appeal bond should the judgment debtor attempt to hide assets outside the originating district.

In the present case, YCLT has not obtained an order from the Montana court permitting registration of the Montana Judgment. Because an appeal of that judgment is pending, YCLT has failed to properly register it in this district pursuant to 18 U.S.C. § 1963. Thus, this Court lacks jurisdiction over this matter.

In its Motion for Summary Judgment, YCLT asserts, among other things, that "to deny YCLT the enforcement of its Montana Judgment in this proceeding in Nevada would be to violate the rights and privileges guaranteed by the United States Constitution, Article IV, Section 2, the privileges and immunities clause, as well as, the right to equal protection under the law, and due process." (*Id.* at 4). Yet YCLT offers no support for this argument. Nor does YCLT address why cannot or has not sought certification for registration from the Montana court. There may remain

---

[7] Specifically, the House Report on the amendment to the Registration Statute states:

> Some courts have read [the Registration Statute] literally and have refused registration in a foreign jurisdiction while an appeal is pending. Other courts have permitted registration in a foreign jurisdiction.
>
> Although these circumstances do not often occur, the Judicial Conference concluded that a judgment debtor should not be permitted to hide assets in a foreign jurisdiction and that the district court entering the judgment should be given discretion to permit registration in a foreign jurisdiction pending appeal, but only upon showing of good cause. This section amends 28 U.S.C. 1963 to implement this recommendation

*Id.*

7

constitutional defects in the Registration Statue as applied. But on the basis of the limited briefing on that issue by YCLT, the constitutional challenge must be denied in this case.

Because the Court lacks jurisdiction over this matter, it declines to reach the remaining arguments in the Cross-Motions for Summary Judgment. Thus, the Court denies both Cross-Motions for Summary Judgment without prejudice. The Court quashes the Writ of Execution, lifts the Rule 62(g) stay of the bankruptcy proceedings as to YCLT, and dismisses this case without prejudice.

### III.     CONCLUSION

For the foregoing reasons, YCLT's Motion for Summary Judgment (Dkt.#4 in 2:13-cv-01737) and Blixseth's Motion for Summary Judgment (Dkt.#34 in 2:13-cv-01434) are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the stay of the bankruptcy proceedings as to YCLT in *In re Blixseth*, 11-15010-WTT is lifted.

**IT IS FURTHER ORDERED** that the Writ of Execution (Dkt. #13) issued in this case is quashed.

**IT IS FURTHER ORDERED** that this case (2:13-cv-01434, consolidated with 2:13-cv-1737) is **DISMISSED WITHOUT PREJUDICE.**

DATED this 16th day of December, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

8